# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DAVID MOONEYHAM, and )
KRYSTINA MOONEYHAM, )
                                        )
            Plaintiffs, )
                                        )
vs. )         Case No. CIV-15-212-M
                                        )
BRSI, LLC d/b/a BIG RED KIA and )
EXETER FINANCE CORP., )
                                        )
            Defendants. )

## ORDER

Before the Court is defendants' Joint Motion to Compel Arbitration, filed March 10, 2015. On April 21, 2015, plaintiffs filed their amended response, and on April 27, 2015, defendants filed their reply. On October 22, 2015, the Court held an evidentiary hearing in this matter. Based upon the parties' submissions, and the evidence presented at the hearing, the Court makes its determination.

I.     Introduction

On or around February 9, 2013, plaintiffs visited Big Red Kia ("Big Red") to inquire about whether they would be eligible to trade in their vehicle for a newer model. There they were greeted by an employee of Big Red who ran their credit and told them that though they could not get approved for a new model, plaintiffs were approved to purchase a low mileage 2006 Dodge Ram that was in great condition. Plaintiffs agreed to purchase the 2006 Dodge Ram on February 9, 2013. In connection with this purchase, Mr. Mooneyham executed a Retail Purchase Agreement/Bill of Sale, a Motor Vehicle "Spot Delivery" Agreement, an Agreement to Arbitrate, and a Retail

Installment Sale Contract[1]. As part of this transaction, plaintiffs traded in their 2003 Chevrolet truck and purchased GAP insurance and an extended warranty.

On February 11, 2013, Big Red contacted Mr. Mooneyham and advised him that the financing on the truck had fallen through and that he needed to come in and re-sign some documents. Mr. Mooneyham returned to Big Red and signed a new batch of paperwork, which included a new Retail Purchase Agreement/Bill of Sale (with a different total selling price), a new Retail Installment Sale Contract, and a new Motor Vehicle "Spot Delivery" Agreement. Mr. Mooneyham, however, did not sign a new Agreement to Arbitrate. Additionally, as part of the February 11, 2013 transaction, plaintiffs purchased GAP insurance and an extended warranty; however, the price and terms of the warranty were different than the warranty that was purchased as part of the February 9, 2013 transaction.

On February 9, 2015, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On March 3, 2015, Big Red removed this case to this Court. Defendants now move this Court for an order staying this action and compelling bilateral arbitration.

II. Discussion

Defendants assert that plaintiffs' claims are subject to the February 9, 2013 Agreement to Arbitrate. Specifically, defendants assert that the Agreement to Arbitrate is valid and encompasses plaintiffs' claims. Plaintiffs contend that the February 9, 2013 Agreement to Arbitrate is inapplicable to the February 11, 2013 transaction. Plaintiffs further contend that the February 9, 2013 Agreement to Arbitrate became invalid when the February 9, 2013 transaction was rescinded.

---

[1]Defendant shredded the February 9, 2013 Retail Installment Sale Contract when Mr. Mooneyham signed a new Retail Installment Sale Contract on February 11, 2013.

2

Defendants assert that this case involves only a single transaction – the purchase of the truck, albeit with multiple documents. Specifically, defendants assert that the documents signed by Mr. Mooneyham on February 9, 2013, and particularly the Agreement to Arbitrate, are part of one transaction, the purchase of the truck, and that the limited documents that were re-signed on February 11, 2013, which relate to or reflect the current financing terms, do not constitute a separate transaction but are a part of the transaction that began on February 9, 2013.

The Court recognizes the well-established rule:

> Where several written instruments, though not executed at the same time, refer to the same subject-matter and on their face show that some were executed to carry out the intent of the others, all should be construed as one contract.

*Davis v. Hastings*, 261 P.2d 193, 195 (Okla. 1953). However, this rule does not apply if there are two separate transactions; written instruments from a prior transaction, such as an arbitration agreement, will not apply to a separate, later transaction. If the arbitration agreement did apply, it would amount to "establishing an exception to the parol evidence rule for arbitration agreements." *Sanford v. H.A.S., Inc.*, 136 F. Supp. 2d 1215, 1222 (M.D. Ala. 2001).

Having carefully reviewed the documents introduced into evidence at the hearing, and having heard the testimony presented, the Court finds that there were two separate transactions involving the purchase of the truck – the first transaction, which occurred on February 9, 2013, and a second transaction, which occurred on February 11, 2013. While defendants contend that the only changes made on February 11, 2013 were to the financing of the truck, the evidence shows otherwise. A new and different Retail Purchase Agreement/Bill of Sale was signed on February 11, 2013, which

included a different total selling price.[2] Additionally, different extended warranties were purchased. On February 9, 2013, Mr. Mooneyham signed a document purchasing an extended service agreement for $2500, to last up to 72 months or 85,000 miles. On February 11, 2013, Mr. Mooneyham signed a document purchasing an extended service agreement for $1500, to last up to 48 months or 48,000 miles.

Accordingly, because there were two separate transactions involving the purchase of the truck that occurred, the Court finds the Agreement to Arbitrate that was signed on February 9, 2013 in relation to the first transaction does not apply to the second transaction that occurred on February 11, 2013.[3] Further, because plaintiffs' claims in this case relate to the February 11, 2013 purchase of the truck, the Court finds that the Agreement to Arbitrate does not apply to plaintiffs' claims and these claims should not be compelled to binding arbitration.

III.   Conclusion

For the reasons set forth above, the Court DENIES defendants' Joint Motion to Compel Arbitration [docket no. 10].

**IT IS SO ORDERED this 17th day of November, 2015.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The total selling price on February 9, 2013 was $18,480; the total selling price on February 11, 2013 was $19,480.

[3] The Court would note that Big Red certainly could have had Mr. Mooneyham re-sign the Agreement to Arbitrate on February 11, 2015 but did not do so.

4